985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lowell DOTY; Chris Doty, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY Defendant-Appellee.
 No. 91-16381.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1992.
Decided Jan. 22, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-89-02270-FMS; Fern M. Smith, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before CHOY, NOONAN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal arises from a suit brought by the Dotys against their insurance company, State Farm, for failure to pay a claim on their homeowners' policy.
 
 
 3
 The Dotys purchased their home in May 1981. Over the next five years, the Dotys observed various problems, including cracks in the garage floor, patio, walls, and driveway; unevenness in the driveway and sidewalk; leaning retaining walls; and doors that would stick despite being repeatedly planed.
 
 
 4
 Wishing to repave their driveway, the Dotys had a construction expert inspect their property. This occurred sometime on or before March 1, 1986. That expert told Mrs. Doty that he thought that the problem was bigger than the driveway. Upon his recommendation, the Dotys hired Echo Analysis, a company with expertise in soils or construction engineering, for a residential property inspection.
 
 
 5
 Sometime before March 25, 1986, a soils expert from Echo Analysis inspected the property. During that visit, he described to Mrs. Doty the settlement damage he had discovered and told her that she should call the insurance company. The Dotys received a written evaluation from Echo Analysis, dated March 25, 1986, on April 1, 1986.
 
 
 6
 The district court held that no reasonable trier of fact could find that the Dotys did not have knowledge of the damage to their property by March 25, 1986. Therefore, California's one-year statute of limitation period for filing suit began no later than that date. See Cal.Ins.Code § 2071.
 
 
 7
 On April 25, 1986, the Dotys filed a claim with State Farm, tolling the running of the limitation period.
 
 
 8
 In an August 26, 1986 letter to the Dotys, State Farm denied coverage, stating that it had carefully reviewed the claim and concluded that the loss was not covered under the terms of the policy. However, the second to the last paragraph of the letter stated that "if you have additional information as to the cause or causes of your loss or damage, which you feel would bring this loss or damage within the conditions of the policy, please advise us in writing, and we will give these concerns our immediate attention."
 
 
 9
 In November 1986, William F. Jones, Inc. gave the Dotys a third expert opinion on the movement of their house. Sometime around May 1987, the Dotys first consulted an attorney. They then submitted additional information to State Farm on June 24, 1987.
 
 
 10
 By letter on June 30, 1987, State Farm "reaffirmed" the denial of coverage.
 
 
 11
 The Dotys filed this diversity action on July 31, 1987. On May 30, 1991, the district court heard oral argument on State Farm's motion for summary judgment. At that hearing, Judge Smith found that the Dotys had not brought their suit within the one-year statute of limitation period, and indicated that she would grant State Farm's motion.
 
 
 12
 The Dotys filed a Rule 59 motion to vacate. By written order dated August 26, 1991, Judge Smith granted State Farm's motion for summary judgment and denied the Dotys' motion to vacate. We have jurisdiction pursuant to 28 U.S.C. § 1271 and we affirm.
 
 
 13
 * A grant of summary judgment is reviewed de novo. Jones v. Union Pacific R.R., No. 91-35075 (9th Cir. July 1, 1992). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 14
 As federal jurisdiction here is based solely on diversity, California's substantive law applies. The California Supreme Court, in Prudential-LMI v. Superior Court, 51 Cal.3d 674, 692-93 (1990), decided that the state's one-year limitation period on suits is subject to equitable tolling from the time that an insured gives notice of a claim until the time that the insured is formally notified in writing that coverage will be denied.
 
 
 15
 The California Supreme Court's holding in Prudential-LMI seems to be quite explicit: "We ... hold that [the] limitation period should be equitably tolled from the time the insured files a timely notice ... to the time the insurer formally denies the claim in writing." Id. at 678. The court later reiterated, in conclusion, that tolling applies "from the time an insured gives notice of the damage to his insurer, pursuant to applicable policy notice provisions, until coverage is denied." Id. at 693.
 
 
 16
 Applying Prudential-LMI, the district court concluded that State Farm's August 26, 1986 letter was a formal written denial. The second sentence of the August 26 letter from State Farm to the Dotys states, "we have carefully reviewed the results of this investigation and concluded the loss claimed is not covered." The subsequent three pages discuss the relevant policy conditions and exclusions. Again, on page four, the letter states "in view of the above policy exclusions and conditions, we must respectfully deny coverage for this loss." Thus, according to the district court, the August 26 letter ended the tolling period and the Dotys' suit was time-barred.
 
 
 17
 The Dotys argue, however, that State Farm's denial of coverage was not "unequivocal." The Dotys find this requirement in Prudential-LMI in a passage describing the underlying facts in which the court noted that in January 1987, "the [Prudential-LMI ] plaintiffs assertedly received a letter from Prudential proposing that coverage would be denied ... unless the insureds had any additional information that would favor coverage.... It was not until September 1987, that plaintiffs' claim was denied unequivocally." The Dotys then point to the second to last paragraph of the August 26 letter which states that "if you have additional information as to the causes of your loss or damage, which you feel would bring this loss or damage within the conditions of the policy, please advise us in writing, and we will give these concerns our immediate attention." Despite the fact that the letter expressly denies coverage twice, the Dotys contend that this paragraph makes the letter an "equivocal" denial and therefore insufficient to end the tolling period. They argue that State Farm did not unequivocally deny their claim in writing until June 30, 1987, and, thus, their suit was brought within the one-year limitation period.
 
 
 18
 The district court considered this argument and concluded that the letter was unequivocal. Judge Smith noted that, in contrast to the letter described in Prudential-LMI, there was nothing tentative about State Farm's August 26 letter. It does not "propose" denial, it denies coverage. The only explicit requirement in Prudential-LMI is that the insurer formally deny the claim in writing. We conclude that, as a matter of law, the district court correctly applied Prudential-LMI. Nothing in that opinion suggests that the penultimate sentence of the August 26 letter rendered it "equivocal" or anything less than a formal denial in writing. State Farm's otherwise clear denial of coverage was not rendered less so because it indicated that the Dotys could submit new information.
 
 II
 
 19
 The Dotys did not specify under which provision of Rule 59 they brought their motion to vacate. However, a motion for reconsideration of summary judgment is appropriately brought under Rule 59(e). Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). A denial of a motion under Rule 59(e) is construed as one denying relief under Rule 60(b) and is reviewed for an abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 20
 The Dotys now claim to have evidence that shows that the August 26 letter they received from State Farm was no different from the January 1987 letter from the insurer to the insureds that the California Supreme Court seemed to find was not an unequivocal denial of coverage in Prudential-LMI.
 
 
 21
 However, the January 1987 letter offered by the Dotys is not properly before this court. The Dotys did not introduce the January 1987 letter to the district court until their motion to vacate. In that motion, they presented the letter as "newly discovered." Judge Smith refused to consider the letter, noting that it was obtainable prior to the hearing on the motion for summary judgment.[1] The Dotys do not assert in their opening brief that Judge Smith abused her discretion in not considering the letter; rather, they treat the letter as though it were part of the record below.
 
 
 22
 In their reply brief, the Dotys claim that their Rule 59 motion was not based on newly discovered evidence, but rather was based on Judge Smith's erroneous interpretation of Prudential-LMI. That assertion is belied, however, by the explicit language of their motion. The Dotys clearly refer to the letter as "newly discovered." In fact, counsel for the Dotys was involved in Prudential-LMI as an amicus curiae on behalf of real parties in interest. As such, he presumably knew of, and had access to, the January 1987 letter. Therefore, we reject the contention that Judge Smith abused her discretion when she refused to consider the letter.
 
 III
 
 23
 Finally, the Dotys ask that this court take judicial notice of the letter as an adjudicative fact. This request is first made in their reply brief. When the matter is "not specifically and distinctly argued in appellant's opening brief," this court need not consider a request for judicial notice first made in a reply brief. In re Brazier Forest Products, Inc., 921 F.2d 221, 224 n. 3 (9th Cir.1990) (quoting Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986)).
 
 
 24
 Furthermore, judicial notice would be inappropriate in this case because the letter is not an adjudicative fact. An adjudicative fact is a fact "concerning the immediate parties--who did what, where, when, how, and with what motive or intent." Fed.R.Evid. 201(a) advisory committee's note (emphasis added); see also Banks v. Schweiker, 654 F.2d 637, 640 & n. 3 (9th Cir.1981) (noting traditional caution used in taking judicial notice). Moreover, this letter does not meet the requirements of Rule 201(b). It is neither a generally known fact nor is it "beyond reasonable controversy." See Fed.R.Evid. 201(b) advisory committee's note; see also Sartain v. SEC, 600 F.2d 733, 739 (9th Cir.1979) (testimony offered in other cases not generally known or capable of accurate and ready determination). Accordingly, we refuse to take judicial notice of the January 1987 letter.
 
 
 25
 The district court's grant of State Farm's motion for summary judgment is AFFIRMED.
 
 NOONAN, Circuit Judge, dissenting:
 
 26
 State Farm's letter, taken as a whole, contained an equivocation and tolled the statute. I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Judge Smith also indicated that she felt it was improper to look at individual pieces of evidence from a prior case to understand what the language of that case means